IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES OKOH,

      Plaintiff

      v.

CASE NO.

GOODWILL INDUSTRIES OF
CENTRAL FLORIDA, INC.,
Florida Not For Profit
Corporation,

      Defendant.

_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, JAMES OKOH (hereinafter referred as "Plaintiff"), by and GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC. (hereinafter referred as "GOODWILL" or "Defendant"), and in support of states as follows:

**INTRODUCTION**

1. This is a disability discrimination and retaliation case brought by Plaintiff, pursuant to the Americans with Disabilities Act, as amended, ("ADAAA"), 42 U.S.C. §1210, and the Family Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq*. ("FMLA") and seeks damages, including back pay, liquidated damages, compensatory and punitive damages, front pay, declaratory and injunctive relief, as well as her attorneys' fees and costs.

## JURISDICTION

2. The acts and omissions giving rise to this action occurred in Orange County, Florida.

3. Plaintiff was employed by Defendant in Orlando, Florida.

4. This is an action at law raises a federal question under federal law, specifically the FMLA and ADAAA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

5. Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## VENUE

6. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

7. Plaintiff began working for Defendant on or about April 2017.

8. Defendant was responsible for compensating Plaintiff in exchange for the work and hours worked by Plaintiff.

9. At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

10. Plaintiff is protected by the ADA because he suffers from an eye condition which required surgery, therefore, either:

    a. Was suffering "a physical or mental impairment that substantially limits one or more his major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

    b. Had "a record of such an impairment" because of his required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

    c. Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

11. At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

12. In 2019, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

13. At all times relevant, Defendant was engaged in an industry affecting commerce.

14. At all times relevant, Defendant was engaged in an activity affecting commerce.

15. At all times relevant, Defendant was engaged in comer within the meaning of 26 U.S.C. § 2611(1)

16. At all times relevant, Defendant was an "employer" as defined by 42 U.S.C. § 1211(5).

17. At all times relevant, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

18. At all times relevant, Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2611(2)(A).

19. As of the date of her termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

20. As of the date of her termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

21. As of the date of her termination, Defendant has a combined total of fifty (50) or more employees.

22. At all times relevant, Plaintiff was an "employee" as defined by 42 U.S.C § 1211(4).

23. At all times relevant, Plaintiff was a "qualified individual" as defined by 42 U.S.C § 1211(8).

## FACTUAL ALLEGATIONS

24. Plaintiff was hired as a Donation Receiver on or about April 2017.

25. On or about July 6, 2020, Plaintiff requested days off from August 6, 2020 until August 12, 2020 for an eye surgery.

26. The request was approved.

27. Plaintiff's Manager informed him that if he needed extra days to recuperate, just inform her about it.

28. On August 12, 2020 Plaintiff contacted his Manager to let her know that he was not fully recovered and needed an extra week.

29. The manager approved the extra leave.

30. On August 17, 2020, Plaintiff went to the doctor for his post-surgery checkup.

31. Afterwards, Plaintiff brought the doctor's note regarding his leave.

32. On that same day, August 17, 2020, Plaintiff was informed that he had been terminated.

33. Defendant failed to advise Plaintiff as to his rights under FMLA.

34. Defendant violated Plaintiff's statutory rights to be free of disability discrimination and retaliation in the workplace by: (1) terminating Plaintiff in retaliation; and/or (2) by failing to provide Plaintiff with, or even engage in any meaningful dialogue regarding, a reasonable accommodation.

35. On January 24, 2020, Plaintiff filed an EEOC charge regarding her discriminatory and retaliatory termination.

36. At the time of his termination Plaintiff was qualified for his

position.

37. At the time of his termination Plaintiff was able to perform the essential functions of his job.

38. At no time during his employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet his job duties.

39. At the time of his termination, Plaintiff worked for a covered employer as defined by the FMLA.

40. At the time of his termination, Plaintiff was eligible for FMLA leave.

41. At the time of his termination, Plaintiff provided notice to Defendant of his need for FMLA leave.

42. Plaintiff's notice for his need for FMLA leave was timely.

43. Plaintiff's notice for his need for FMLA leave complied with Defendant's company policies regarding request for time off.

44. Plaintiff was entitled to FMLA covered leave pursuant to 29 U.S.C. § 2612 (a)(1).

45. Defendant's actions violate the provisions of 29 U.S.C §2615(a).

46. Defendant's actions violate the provisions of 29 U.S.C §2614(a).

47. Defendant's actions constitute interference with Plaintiff's rights under FMLA.

48. Defendant's actions constitute retaliation in violation of Plaintiff's

rights under the FMLA.

49. Defendant's actions constitute discrimination in violation of Plaintiff's rights under FMLA.

50. Defendant's actions constitute discrimination in violation of the ADA.

51. Defendant's actions constitute retaliation in violation of the ADA.

## COUNT I
## RETALIATION UNDER THE FMLA

52. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 1 through 8, 12 through 15, 19 through 20, 24 through 49, above as if fully set forth herein.

53. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

54. Defendant was Plaintiff's employer as defined by the FMLA.

55. Defendant discriminated and/or retaliated against Plaintiff because he exercised his rights under the FMLA.

56. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

57. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

58. Defendant's discriminatory/retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA covered leave.

59. Defendant's conduct violated Plaintiff's rights to be free from discrimination/ retaliation as guaranteed by the FMLA.

60. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

61. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

62. Defendant's violations of the FMLA were willful.

63. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff respectfully requests entry of:

 a. judgment in his favor and against Defendant for violation of the anti-discrimination provisions of the FMLA;

 b. judgment in his favor and against Defendant for damages, including lost earning, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct.

  c. judgment in his favor and against Defendant for her reasonable attorney's fees and litigation expenses;

  d. judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2671(a)(1)(A)(iii);

  e. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FMLA; and

  f. an order grating such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## INTERFERENCE UNDER THE FMLA

64. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 8, 12 through 15, 19 through 20, 24 through 49, above as if fully set forth herein.

65. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

66. Defendant was Plaintiff's employer as defined by the FMLA.

67. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

68. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered damages for which he is entitled to compensation, including, but not limited to lost wages and benefits, future

pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

69. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

70. Defendant's violations of the FMLA were willful.

71. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff respectfully requests entry of:

    a. judgment in his favor and against Defendant for interference with her rights under the FMLA;

    b. judgment in his favor and against Defendant for damages, including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c. judgment in his favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

    d. judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    e. declaratory judgment that Defendant's practices toward Plaintiff violate her rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## DISABILITY DISCRIMINATION UNDER ADAAA

72. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 11, 16 through 18, 21 through 23, 24 through 38, and 50 through 51, above as if fully set forth herein.

73. Plaintiff was a qualified individual with a disability.

74. Plaintiff was perceived as disabled by Defendant.

75. Defendant was Plaintiff's employer as defined by the ADAAA.

76. Defendant discriminated against Plaintiff because of his disability in violation of the ADAAA.

77. Defendant discriminated and/or retaliated against Plaintiff because he exercised his rights under the ADAAA.

78. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

79. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privilege of Plaintiff's employment.

80. Defendant's conduct violated plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADAAA.

81. As direct, natural, proximate and foreseeable results of the actions

of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional plain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

82. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant's, which have cause and continued to cause irreparable harm.

83. Defendant's violation of the ADAAA were willful.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

    a. judgment in his favor and against Defendant for violation of the disability association provisions of the ADAAA;

    b. judgment in his favor and against Defendant for damages including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c. judgment in his favor and against Defendant for his reasonable attorney's fees and litigation expenses;

    d. judgment in his favor and against Defendant for punitive damages;

    e. judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADAAA; and

f. Issue an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV
## RETALIATION IN VIOLATION OF THE ADAAA

84. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 11, 16 through 18, 21 through 23, 24 through 38, and 50 through 51, above as if fully set forth herein.

85. Plaintiff requested a reasonable accommodation for his disability. This constituted protected activity under the ADAAA.

86. Upon information and belief, Defendant's conduct, was, in whole or in part, motivated by Plaintiff's request for accommodation.

87. As a natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

88. The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff's to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

89. The retaliation Plaintiff suffered, in violation of his federal statutory right to be free from such retaliation, constitutes irreparable harm for which

there is no adequate remedy at law.

90. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

    a. Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

    b. judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

    c. judgment against Defendant for compensatory damages;

    d. judgment against Defendant for punitive damages;

    e. Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

    f. Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and Granting such other and further relief as the Court deems just.

## **JURY DEMAND**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 27th day of October, 2021.

                                 Respectfully submitted,

                                 ***s/Bruce A. Mount***
                                 Anthony J. Hall
                                 FL Bar No. 40924
                                 Bruce Mount, Esq.
                                 FL Bar No. 88754
                                 THE LEACH FIRM, P.A.
                                 631 S. Orlando Avenue, Suite 300
                                 Winter Park, FL 32789
                                 Telephone: (407) 574-4999 ext. 412
                                 Facsimile: (833) 813-7512
                                 Email: ahall@theleachfirm.com
                                 Email: bmount@theleachfirm.com
                                 Email: yhernandez@theleachfirm.com

                                 ***Attorneys for Plaintiff***